UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ST. TAMMANY PARISH  CIVIL ACTION
SCHOOL BOARD

v.  NO. 14-1881

SIEMENS INDUSTRY, INC.  SECTION "F"

ORDER AND REASONS

St. Tammany Parish School Board filed a motion to remand and for costs and attorney fees, which is set for hearing on September 10, 2014, and taken on the papers. Having reviewed the pleadings, memoranda, and the relevant law, the Court finds merit in the motion to remand. The Court, however, denies the motion for costs and attorney fees.

I.

St. Tammany Parish School Board and Siemens Building Technologies, Inc., entered into an Agreement for IP Security Camera Systems.[1] The Agreement contains a forum selection clause:

> This Agreement will be subject to the laws of the State of Louisiana; no other states' laws will have any bearing on this Agreement. Additionally, **any claims arising out of this Agreement, or the interpretation of any portion of this Agreement, shall be undertaken in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana**. Further, nothing in this Agreement shall be construed to create rights of third-parties to request any relief as a result of the terms

---

[1] Siemens Industry, Inc. is the named defendant because it is the successor entity to Siemens Building Technologies, Inc.

1

and conditions of this Agreement.

On July 23, 2014, the School Board filed suit against Siemens in the 22nd Judicial District Court for the Parish of St. Tammany seeking damages sustained as a result of Siemens' breach of its agreement with the School Board. Siemens then removed the case based on diversity jurisdiction. The School Board moves to remand based on the forum selection clause in the agreement and for costs and attorney fees under 28 U.S.C. § 1447(c).

## II.

Forum selection clauses are presumptively valid, absent a strong showing that such clause should be invalidated. The party seeking to overturn the clause bears the burden to show that enforcement would be unreasonable under the circumstances. M/S Bremen v. Zapata Off-Shore, 407 U.S. 1, 11 (1972); Calix-Chacon v. Global Intern, Marine, Inc., 493 F.3d 507, 514 (5th Cir. 2007).

Parties to a contract are permitted to select venue indicated by a forum selection clause. See, e.g., City of New Orleans v. Mun. Admin. Servs. Inc., 376 F.3d 501 (5th Cir. 2004). A party may waive its rights to remove an otherwise properly removable case by establishing an exclusive venue within the contract. Id. at 504. A forum selection clause can establish an exclusive venue if it "clearly demonstrate[s] the parties' intent to make jurisdiction exclusive," going beyond consenting to a particular forum. Id. (citing Keaty v. Freeport Indonesia, Inc., 503 F.2d 955 (5th Cir.

2

1974)).  The only issue here is whether the forum selection clause "clearly demonstrate[s] the parties' intent to make jurisdiction exclusive."

Siemens relies heavily on City of New Orleans, claiming that it requires exclusivity language for a valid forum selection clause.  There, the City claimed that by the following contractual clause, Municipal Administrative Services consented to jurisdiction in the Civil District Court and waived its right to remove:

> The undersigned Contractor does further hereby consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction on account of the residence elsewhere of the undersigned Contractor.

Id. at 504.  The court found that this clause amounted to a consent to the personal jurisdiction of the Louisiana state courts but did not make them the exclusive venue for suits arising from the contract.  Id.  The Fifth Circuit explained:

> A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another.  For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive.  It is important to distinguish between jurisdiction and venue when interpreting such clauses.

Id. (citation omitted).

City of New Orleans distinguishes between consent to personal jurisdiction and a forum selection clause.  It does not, however,

3

stand for the narrow proposition that a forum selection clause establishes exclusive venue only if some iteration of the word "exclusive" is employed. In fact, the court contrasted the clause consenting to personal jurisdiction with a valid venue selection clause that waived the right to removal: "The contractor hereby consents to and stipulates to the personal jurisdiction and venue of the Civil District Court for the Parish of Orleans, Louisiana in any litigation brought under this Article." Id. at 505 (citing City of New Orleans v. Nat'l Serv. Cleaning Corp., No. 96-1601, 1996 WL 419750, at *1 (E.D. La. July 24, 1996)).

Here, the parties agreed that any litigation "shall be undertaken in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana." In this context, "shall" is imperative or mandatory. See Black's Law Dictionary (8th ed. 2004). Siemens claims that the clause allows for one possible venue, but not to the exclusion of others. The Court does not find merit in this argument. The clear and common sense meaning of the forum selection clause is to designate the 22nd Judicial District Court for the Parish of St. Tammany as the exclusive venue for any litigation arising from the Agreement.

### III.

Siemens also contends that, at the very least, the clause is ambiguous and thus must be construed against its drafter, the School Board. Siemens argues that "undertake" can be understood to

4

mean only that litigation must commence in state court, not that it must remain in state court. Black's Law Dictionary (8th ed. 2004) defines "undertake" as "to take on an obligation or task." The Court does not interpret "shall be undertaken" as narrowly as Siemens does. Finding no ambiguity, there is no reason to construe the clause against the School Board.

IV.

The School Board moves for costs and attorney fees under 28 U.S.C. § 1447(c). Successful plaintiffs are not automatically entitled to an award of attorney fees under § 1447(c). An award of fees depends on the reasonableness of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Because the forum selection clause did not contain an explicit waiver of removal or the exclusivity language often found in such clauses in case law, the Court finds that Siemens had an objectively reasonable basis for seeking removal. The motion to remand is GRANTED. The motion for attorney fees is DENIED.

New Orleans, Louisiana, September 8, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE